UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIZ FERRARI                                          JURY TRIAL DEMANDED

v.                                                   CASE NO.  3:13CV

U.S. EQUITIES CORP.
LINDA STRUMPF
OLGA MOISES

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act ("CCPA"), and the Connecticut Unfair Trade Practices Act.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is a natural person who resides in Connecticut.

4. Defendant Strumpf regularly collects debts by appearing in court or writing letters on behalf of U.S. Equities Corp. ("Equities"). Upon information and belief, her sole income is directly or indirectly from Equities arising from her personal interest in that company.

5. Defendant Moises regularly testifies or submits affidavits in order to obtain judgment even though she cannot authenticate the relevant documents and has no personal knowledge of their provenance.

6. Equities buys defaulted consumer accounts.

7. On or about May 23, 2013, defendants issued a small claims writ which included the statement that Ms. Moises had mailed a letter to plaintiff at the address therein on April 23, 2010. The small claims form required communication within six months before suit.

8. The small claims case was filed on June 18, 2012 and went to default judgment on July 24, 2012.

9. Plaintiff did not learn about the small claims action until her wages were attached.

10. In the small claims action, defendants obtained judgment by filing an affidavit falsely claiming personal knowledge of a Chase account, the assignment thereof to Turtle Creek Assets, and from Turtle Creek to Equities.

11. The affiant had never communicated with or worked for Chase, did not know what accounts had been assigned by Chase to Turtle Creek, had never worked for Turtle Creek, and could not and did not authenticate any of the documents used to obtain default, all of which were partial or incomplete on their face.

12. In fact, Equity had purchased from Turtle Creek only a spreadsheet with data purporting to include information about this plaintiff.

13. Defendants also appended periodic statements purportedly sent to an address of Ravenwood Rd, West Hartford, an address where which plaintiff has never lived and did not receive mail. Plaintiff was living in New Hampshire at the times in question.

14. Defendants received the periodic statements and other documents from Turtle Creek, not from Chase.

15. In the small claims action, defendants claimed pre- and post-judgment interest, without submitting any factual basis therefor.

16. In the small claims action, defendants claimed that the account was opened in 2006. However, as the basis for the claim of attorney's fees, defendants appended one of the two generic Chase agreements they use in all cases, the one dated 2007.

17. Moreover, in court on March 11, 2012, defendants claimed that the other generic agreement, dated 2008, was the operative agreement.

18. Defendants did not and could not show that either generic agreement was the one governing the account in question.

19. Neither generic agreement allowed for an assignee to seek attorney's fees.

20. Despite knowledge that their documentation of accounts purchased from Turtle Creek was insufficient to support judgment, defendants intentionally continue to abuse an overburdened court system by seeking judgment in the hopes that the utterly inadequate and inadmissible evidence would not be scrutinized.

21. Despite knowledge that Equities was not allowed to seek attorney's fees based on the assignment, in every case Ms. Strumpf applies for attorney's fees.

22. In the collection efforts, defendants violated the FDCPA, § 1692d, -e, -f(1), or -g. Defendant EQUITIES violated the parallel provisions of the CCPA.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the FDCPA against each defendant.

2. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the CCPA against EQUITIES.

3. Award actual and punitive damages under CUTPA, treble damages for conversion of the attached wages (§52-564), and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net