UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIZ FERRARI                                                    JURY TRIAL DEMANDED

v.                                                             CASE NO.  3:13CV  395 (RNC) (DFM)

U.S. EQUITIES CORP.
LINDA STRUMPF
OLGA MOISES

REPORT OF PARTIES' PLANNING MEETING

Date complaint filed:  March 22, 2013

Date complaint served:   March 23, 2013

 Date of first defendant's appearance:  May 22, 2013

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, the parties conferred May 28, 2013 and thereafter. The participants were:

> Joanne S. Faulkner for the plaintiff

> Erich Gaston for defendants

I.    CERTIFICATION.

Undersigned certify they have addressed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   JURISDICTION.

A.    Subject matter jurisdiction alleged:  15 U.S.C. §1692k.

B.    Personal jurisdiction:  Jurisdiction is not contested.

III.   BRIEF DESCRIPTION OF CASE:

   A. Claim of Plaintiff:  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act , 15 U.S.C. § 1692 *et seq*. ("FDCPA") , the Connecticut Creditors' Collection Practices Act, Conn. Gen. Stat. § 36a-645 *et seq.* ("CCPA") and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, -g ("CUTPA") alleging that Defendant debt collectors, violated said laws prior to the filing of this action by their misrepresentations and practice of submitting inadmissible documents in order to collect on a purchased debt.

   B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant: The Defendants assert that the debt at issue, a defaulted Chase personal credit card account, reflecting debt incurred by Plaintiff Liz Ferrari (at times Plaintiff or "Ferrari") was legitimately acquired by Equities.   The Defendants further assert that they acted within the boundaries of applicable law in attempting to collect the debt.  The Defendant U.S. Equities Corp. ("Equities") sued the Plaintiff, Liz Ferrari in state small claims court.  Defendants assert that all documentation submitted in support of the lawsuit was accurate and admissible in accordance with Connecticut statutory and case law, and the rules of the court.  Initially, Equities obtained a default judgment.  Then, however, Ferrari sought to open that judgment.  A hearing took place, after which the small claims magistrate issued a written judgment in Equities' favor in the amount of $1,881.48.  Defendants assert that Ferrari either did or had ample opportunity to challenge the acquisition of the debt and admissibility of supporting documents in state court.  Defendants contend that, *inter alia*, Ferrari's claims in this case are barred by

principles of collateral estoppel and *res judicata*. Further, Defendants' actions are not in violation of the FDCPA or state laws, as a matter of law.

    C.    C. Defenses and Claims of Third Party Defendant: N/A

IV.    STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff is a natural person who resides in Connecticut.

2. Defendants Strumpf and Equities are debt collectors for purposes of the FDCPA as to the claims of Ms. Ferrari in this case.

3. Equities sued Ferrari in state small claims court, by way of a small claims summons and complaint, dated May 23, 2012, seeking to recover a judgment relating to Ferrari's defaulted personal Chase credit card account. The small claims complaint indicated that Ms. Moises mailed a letter to Plaintiff at the address therein on April 23, 2010.[1]

4. Equities claims to have purchased plaintiff's defaulted personal Chase credit card account.

5. The small claims case was filed on June 18, 2012 and went to default judgment on July 23, 2012.

6. Plaintiff Ferrari's motion to open the small claims judgment was granted. On April 10, 2013, the small claims court issued a judgment in favor of Equities in the amount of $1,881.48.

---

[1] Defendants contend that the actual date of mailing of the foregoing letter was April 23, 2012.

V. CASE MANAGEMENT PLAN:

A.     Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth in parts E through H below.

B.     Scheduling Conference with the Court.

The plaintiff does not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  The Defendants do request such a conference.

C.     Early Settlement Conference.

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement may be enhanced by the use of the following procedures:

2.     The parties do / ~~do not~~ request an early settlement conference. However, defendants request that any such conference be held after decision on their planned motion for judgment on the pleadings.

3.     The parties prefer a settlement conference with a magistrate judge.

4.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E.     JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.

1.     Plaintiff should be allowed until May 30, 2013 to file motions to join additional parties and until May 30, 2013 to file motions to amend the pleadings.

2.     Defendants should be allowed until July 30, 2013 to amend their response to the Complaint.

F.     DISCOVERY.

1.     Plaintiff asserts that discovery will be needed on the following subjects: Principal issues of fact for discovery include the defendants' collection practices, collection records, policies and procedures and their application to plaintiff's alleged debt; defendants' purchase, receipt, investigation and processing of plaintiff's alleged account; defendant's communications in connection with the collection; issues raised by the pleadings.

Defendants assert that discovery should be deferred, pending a decision on the motion for judgment on the pleadings described below.  If and when discovery takes place, Defendants seek discovery on any issues alleged in the operative Complaint, Plaintiff's receipt of documents and state court pleadings, Plaintiff's participation in the state court proceedings, Plaintiff's claims regarding the validity of the debt, Plaintiff's efforts, if any to dispute the validity of the debt, Plaintiff's communications with the Defendants, and any other relevant issues permitted by the rules of evidence and civil procedure.

2.     Plaintiff's position:  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be begun by June 30, 2013, and completed (not propounded) by December 30, 2013.

Defendant's position: All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will begin, if necessary, following a decision by the Court on Defendants' anticipated motion for judgment on the pleadings, and completed by March 31, 2014.

3.     Plaintiff: Discovery will not be conducted in phases.  The Defendants seek to suspend discovery pending resolution of a motion for judgment on the pleadings.

4.	Discovery on [issues for early discovery] will be completed by:  N/A.

5.	The parties anticipate that the Plaintiff will require a total of 3 depositions of fact witnesses and that Defendants may require a total of up to 5 depositions of fact witnesses,

Plaintiff's position:  The depositions will commence by August 15, 2013, and be completed by October 15, 2013.

Defendant's position: the depositions will commence, if necessary, following a decision on the anticipated motion for judgment on the pleadings and be completed by March 31, 2014.

6.	The parties will not request permission to serve more than 25 interrogatories.

7.	Plaintiff will not call expert witnesses at trial.

8.	Defendants reserve the right to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by  February 15, 2014. Depositions of any such experts will be completed by March 31, 2014.

9.	A damage analysis will be provided by any party who has a claim or counterclaim for damages by September 1, 2013.

10.	Electronic Discovery

Undersigned counsel have discussed the disclosure and preservation of electronically stored information relevant to this action. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information**:**  Going forward neither party has deleted or will delete any electronically stored information that is known to be relevant to the claims or defenses in this matter and will preserve all such information.

11. Undersigned have considered discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Undersigned will abide by the local rules.

G. DISPOSITIVE MOTIONS.

Defendants' motion for judgment on the pleadings will be filed by July 9, 2013. Any further dispositive motion by Defendants, such as for summary judgment, will be filed within 30 days of the close of discovery. Plaintiff's dispositive motion will be filed by January 30, 2014 assuming discovery is not suspended.

H. JOINT TRIAL MEMORANDUM.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 30 days after any final determination on a dispositive motion leaving issues for trial or otherwise directed by the Court.

VI. TRIAL READINESS.

The case will be ready for trial four weeks after the submission of the Joint Trial Memorandum or otherwise directed by the Court.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By:_____/s/ Joanne S. Faulkner_____          Date: July 3, 2013
Joanne S. Faulkner ct 04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

`                                                               7

THE DEFENDANTS,
U.S. EQUITIES CORP.,
LINDA STRUMPF, and
OLGA MOISES

By: _____/s/ Erich H. Gaston_____          Date: July 3, 2013
Federal Bar No.: ct19590
25 State Street
Waterbury, CT 06702
(203) 754-5299