UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

LIZ FERRARI,

        Plaintiff,

v.                               Civil Action No. 3:13-cv-395 (RNC) (DFM)

U.S. EQUITIES CORP.,
LINDA STRUMPF, and
OLGA MOISES

        Defendants.         July 9, 2013

---

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

The Defendants, U.S. Equities Corp., Linda Strumpf, and Olga Moises (collectively Defendants and individually "Equities," "Strumpf," or "Moises"), pursuant to Federal Rules of Civil Procedure 12(c) and Local Rules of Civil Procedure for the District of Connecticut 7, respectfully move for judgment on the pleadings. Attached hereto is a Memorandum of Law and copies of certain unreported authorities cited in said Memorandum in an alphabetical Appendix. The Court should grant the present Motion for the reasons set forth below and as described with more particularity in the supporting Memorandum of Law.

1. Plaintiff Liz Ferrari (at times Plaintiff or "Ferrari") was a defendant in a state-court lawsuit filed by Equities, docket no.: SCC-449686 ("State Court Action").[1]

2. The State Court Action asserted *inter alia* that Equities acquired a Chase credit

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

---

[1] On even date, Defendants have moved for the Court to take judicial notice of certain documents from the docket of the State Court Action, including a judgment in favor of Equities and written memorandum of decision.

1

card account, which identified Ferrari as the creditor/account owner. Ferrari defaulted on said account. Equities acquired title to the defaulted account from Chase and sought to collect the debt owed by Ferrari.

3.  Equities initially obtained a default judgment against Ferrari. Ferrari subsequently appeared in the State Court Action, defended Equities's claims on the merits, and a judgment on the merits was entered against Ferrari in the amount of $1,881.48. As described in the attached Memorandum of Law, the state court determined specifically that the debt owed by Ferrari to Equities was valid and validly assigned.

4.  Shortly before the State Court Action went to final judgment, Ferrari sued the Defendants in this action, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* .("FDCPA"), and supplemental claims under state law. The crux of Plaintiff's Complaint is certain affidavits that Defendants submitted in the State Court Action were "inadmissible" and insufficient to support the state court judgment. Contrary to Plaintiff's position, those affidavits conformed with all requirements of evidence in the State Court Action. Defendants appeared through counsel and have answered the operative Complaint. Defendants allege a number of affirmative defenses, including the failure to state a claim on which the Court can grant relief.

5.  As further described in the attached Memorandum of Law, Defendants are entitled to judgment on the pleadings. Plaintiff's claims are barred by ordinary principles of *res judicata* and collateral estoppel. The State Court Action necessarily determined the validity of the debt, following a trial on the merits. All applicable state court rules of procedure were followed. Ferrari—despite having ample opportunity—presented no evidence to dispute the

validity of the debt. Thus, by way of the present action, Ferrari may not seek a "second bite at the apple" and re-adjudicate claims and issues that were already decided, or which Ferrari had the opportunity to contest but failed to do so.

6.    Moreover, as the Memorandum of Law asserts, Plaintiff's Complaint fails to state a claim on which the Court can grant relief. As a matter of law, Defendants did not violate the FDCPA or state laws referenced in the Complaint. Further, Moises is not a debt collector as a matter of law, within the meaning of the FDCPA.

**WHEREFORE,** the Court should grant the present Motion for Judgment on the Pleadings.

THE DEFENDANTS,
U.S. EQUITIES CORP.,
LINDA STRUMPF, and
OLGA MOISES


_____/S/_____
Erich H. Gaston
Federal Bar No.: ct19590
25 State Street
Waterbury, CT 06702
203-754-5299 P
203-757-2778 F
egaston@jporziolaw.com

## **CERTIFICATION**

      This is to certify that on July 9, 2013, a copy of the foregoing was served on all counsel of record with appearances on file, by electronic means:

Joanne Faulkner, Attorney at Law
123 Avon Street
New Haven, CT 06511

                                                                                   _____/S/_____
                                                                                     Erich H. Gaston