UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIZ FERRARI

v.                                                    CASE NO.  3:13CV  395 (RNC) (DFM)

U.S. EQUITIES CORP.
LINDA STRUMPF                                         July 12, 2013
OLGA MOISES

PLAINTIFF'S OPPOSITION TO MOTION TO TAKE JUDICIAL NOTICE

Defendants' Motion (Doc. No. 20) should be denied (except for Ex. A thereto) because of its pervasive procedural and substantive defects.[1]

Background. Plaintiff seeks damages under the Fair Debt Collection Practices Act for the use of false, deceptive, or misleading representations or means in collection with the collection of plaintiff's account, as well as for the unfair practice of seeking amounts not permitted by statute or contract. 15 U.S.C. §1692e, -(f)(1).

Defendant Strumpf (with her husband) owns and operates U.S. Equities, an entity that purports to buy defaulted consumer accounts for pennies on the dollar, for the purpose of obtaining perhaps some 2,000% windfall profits on each account. Defendants buy the accounts even though they are subject to multiple express disclaimers of title or enforceability. Defendants proceed to collect on the accounts. *Inter alia*, Strumpf seeks attorney's fees for representing her own corporation, based on a random (and incomplete) credit card agreement that does not provide authority for such fees. (Here, defendants claimed that two different agreements applied, CMA41751 and CMA  15075.) Fortunately, that effort later turned out to

---

[1] We do not object to the small claims docket, since that is publicly available and shows that the FDCPA issues in this case were not involved as to Equity (no Answer was filed) and could not have been asserted as to the other defendants herein because they were not parties. Thus, neither collateral estopped nor res judicata apply.

be unsuccessful in this case.

Defendants also seek prejudgment interest, as here, knowing that consumers generally default because of financial hardship, which means that prejudgment interest may not be awarded as a matter of law.  Fortunately, that effort also turned out to be unsuccessful in this case.

Defendants' deceptive or unfair collection tactics are at issue here, and would be at issue despite the later entry of a small claims judgment of significantly less than the amount they attempted to collect. *E.g.*  Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C., 387 F. Supp. 2d 752, 754-55 (W.D. Mich. 2005).

Procedural and substantive deficiencies warrant denial of the motion.

First, defendants filed no brief as required by D. Conn. Local Civ. Rule 7(a)1. On and after May 28, 2013, Plaintiff called defendant's attention to Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70-71 (2d Cir. 1998) for the proposition that the proffered documents are inadmissible. See attached May 28 email. Yet, defendants unilaterally decided not to brief the disputed issue on the basis that "Defendants do not consider judicial notice of the documents disputed." Doc. No. 20 n.1. [They cross-reference to another document that likewise cites nothing in support of judicial notice.]

Absent a brief, the defendants have not met their burden to persuade this Court that any document is appropriate for judicial notice, or that any particular document is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source "whose accuracy cannot reasonably be questioned."   What is the purpose for taking judicial notice? Which items in the 46 pages beginning with  Appendix B to their motion for judicial notice have to do with what aspect of their motion for judgment on the pleadings?

Second, The Court has not been "supplied with the necessary information" within Fed. R. Evid. 201(c)(2). The documents are entirely unauthenticated; they bear no court stamp to indicate filing.  One cannot verify whether those documents were actually in the small claims record without going to Centralized Small Claims in Hartford.   Judicial Department terminals at the courthouses do not allow viewing of any documents in this case. The Court has not been "supplied with the necessary information" within Fed. R. Evid. 201(c)(2).

Third, defendants offer no reason for the Court to take judicial notice. If they are trying to show that plaintiff owes the debt, as claimed in Doc. No. 18 ¶¶3, 5, that showing is irrelevant. Whether the consumer owes any debt is "neither here nor there," Jacobson v. Healthcare Financial Services, 516 F.3d 85, 76 (2d Cir. 2008); Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir. 2003) ("We first note that what is not at issue here is whether or not Veach actually had an obligation to CreditNet for $350. What is at issue is whether Sheeks' mailing to Veach complied with the FDCPA."); Keele  v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992); Baker  v.  G.C. Servs. Corp., 677 F.2d 775, 777 (9th  Cir. 1982). The FDCPA is based on the premise "[t]hat every individual, whether or not he owes the debt, has a right to be treated in a reasonable and civil manner." 123 Cong. Rec. 10241 (1977) (remarks of Rep. Annunzio).

Fourth, the documents (other than Ex. A) are not judicially noticeable within Evid. Rule 201. "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." Int'l Star Class Yacht Racing Ass'n, 146 F.3d at 70.  "Facts adjudicated in a prior case do not meet either test of

indisputability contained in Rule 201(b)" Id.  A court cannot take judicial notice of facts established in litigation. Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992).

## CONCLUSION

Since defendants have chosen not to meet their burden to show that the documents can be judicially noticed, or for what purpose they should be judicially noticed, their motion must be denied.

THE PLAINTIFF

By:_____/s/ Joanne S. Faulkner_____
Joanne S. Faulkner ct 04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

Certificate of Service

I hereby certify that on July 12, 2013, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ Joanne S. Faulkner
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net

**Subject:** Ferrari v Strumpf
**From:** Joanne Faulkner <j.faulkner@snet.net>
**Date:** 5/28/2013 10:21 AM
**To:** egaston@jporziolaw.com

The Order in this case requires a conference "in a good faith effort to clarify the issues, eliminate or reduce the area of controversy and arrive at a mutually satisfactory resolution" You indicated in our conversation that you knew nothing about the case and were not prepared to discuss the substance of the proposed motion. Your email is to the same effect; it does not even include an explanation of the proposed motion as a basis for discussion!

For a meaningful meet and confer, as I mentioned, your side needs to do some research. If you are going to file a motion based on the 8th defense, it does not apply. There was no defense or counterclaim in the small claims action based on unlawful debt collection practices. There is a case right on point, which I suggest you look up so that we can have a meaningful conference.

I don't see how you can have a judgment on the pleadings based on your answer. There are too many contested facts. Perhaps you will revise to admit all the facts?

I see defendants denied ¶ 7, but you propose to submit the state court filing that shows ¶ 7 is true. I note that both Ms. Moises (under oath) and Ms. Strumpf (in open court) said they have no knowledge of what Chase sold to Turtle Creek. Therefore, the superfluous and false addition to the response to ¶ 14 is inappropriate.  Please amend your response to answer the allegations as required by Rule 8(b), not make unresponsive assertions. This applies to several paragraphs, but most especially to ¶14. Be careful; the complaint tracks your clients' statements under oath.

In addition, to Defense # 8,  most of the defenses are inapplicable.  Since this is a federal statutory cause of action, the defenses are limited to those set out in the statute itself. Howlett v. Rose, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."). In particular your 10th defense purports to reserve[s] the right to raise additional defenses. Your clients have  no right to amend except with the permission of the parties or the court as set forth in Fed. R.Civ.P. 15.  Courts strike this type of affirmative defense with prejudice. County Vanlines, Inc. v. Experian Information Solutions, Inc., 205 F.R.D. 148,  157-58 (S.D.N.Y. 2002); Boss Prods. Corp. v. Tapco Int'l Corp., 2001 U.S. Dist. LEXIS 1509  (W.D.N.Y. Feb. 16, 2001).

I have no objection to the CURRENT docket sheet as an exhibit, since it shows that there was no debt collection counterclaim or defense, but the rest is plainly inadmissible. Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70-71 (2d Cir. 1998)

P.S. How do your clients explain the request for over $3k, and the award of less than $2k?
Also, I know your clients are aware that purchased Chase accounts have problems >>>>
http://www.americanbanker.com/issues/177_49/chase-credit-cards-collections-occ-probe-linda-almonte-1047437-1.html
http://www.nakedcapitalism.com/2013/05/california-attorney-general-sues-jp-morgan-over-debt-collection-abuses-including-sewer-service-robosigining.html

Whoever is financing the defense of this fee-shifting case might wish to resolve the matter. I will reopen my offer of 4-25 until the close of business Friday.

--
Joanne S. Faulkner, Attorney
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com