UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIZ FERRARI

v.                                           CASE NO.  3:13CV  395 (RNC) (DFM)

U.S. EQUITIES CORP.
LINDA STRUMPF                                July 29, 2013
OLGA MOISES


PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants' Motion (Doc. No. 18) should be denied because it fails to meet the standards for judgment on the pleadings where, as here, the Complaint states a plausible claim for relief.

Background. Plaintiff seeks damages under the Fair Debt Collection Practices Act for the use of false, deceptive, or misleading representations or means in collection with the collection of plaintiff's account, as well as for the unfair practice of seeking amounts not permitted by statute or contract. 15 U.S.C. §1692e, -(f)(1).

Defendant Strumpf (with her husband) owns and operates U.S. Equities, an entity that purports to buy defaulted consumer accounts for pennies on the dollar. Defendants buy the accounts despite multiple express disclaimers of title or enforceability. Defendants proceed to collect on the accounts. In the small claims action against plaintiff, Strumpf wrongfully and *unsuccessfully* sought attorney's fees for representing her own corporation, based on a random (and incomplete) credit card agreement that did not provide authority for such fees. Defendants also wrongfully and *unsuccessfully* sought prejudgment interest, even though consumers generally default because of financial hardship -- which means that prejudgment interest may not be

awarded as a matter of law. We do not know yet which documents were actually provided to the small claims court since defendants refused to provide an authenticated copy of the record which is not available electronically except for the docket itself, but we do know that some documents were not the same as provided to plaintiff.

Standards for Judgment on the Pleadings. To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bank of New York v. First Millennium, Inc.* 607 F.3d 905, 922 (2d Cir 2010). Plaintiff's complaint easily meets that standard.

A motion for judgment on the pleadings for failure to state a claim tests only the adequacy of the complaint. See *United States v. City of New York*, 359 F.3d 83, 88 (2d Cir. 2004). Defendants' motion can be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). See *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) ("A case should not be dismissed unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief.").

Defendants merely claim that a few of their ten affirmative defenses should defeat the plausible allegations in the complaint -- not a recognized basis for judgment on the pleadings. Had defendants truly believed that the complaint was insufficient, they should have admitted the allegations, rather than denying ¶¶ 7, 10, 12, 17-21, and revising or evading the allegations of ¶¶ 5, 6, 9, 11, 13, 15, 16. "Assuming there is a basis for defendants' denials, there are express conflicts between the two parties' pleadings. Therefore, there are disputed issues of material fact before the court and

judgment on the pleadings is inappropriate." *Moreno-Cuevas v. Huntington Learning Center,* 2010 WL 1292327 *2 (D. Conn. 2010).

<u>Res Judicata and collateral estoppel do not apply to preclude FDCPA/CCPA claims</u>.

Def. Mem. at 8-13 claims that res judicata or collateral estoppel principles apply. It is elementary that "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the [small claims] judgment." (Citations omitted; internal quotation marks omitted.) *Rodriguez v. Saucier,* 108 Conn. App. 599, 602, 948 A.2d 1067, 1069 (2008).

Ms. Ferrari did not file an answer or counterclaim in small claims court; she did not raise or litigate her FDCPA or CCPA claims in the small claims action. Whether Defendants' deceptive or unfair collection tactics violate those statutes is at issue here, and would be at issue despite the later entry of a small claims judgment of significantly less than the amount defendants attempted to collect. *E.g. Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C.,* 387 F. Supp. 2d 752, 754-55 (W.D. Mich. 2005).

The FDCPA and CCPA claims were not compulsory counterclaims. They arose out of an entirely different transaction. Ms. Ferrari is not precluded from bringing them before the federal court in this action under long-standing and well-established case law. *Azar v. Hayter,* 874 F.Supp. 1315, 1317 (N.D. Fla. 1995) (An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt, and thus was not a compulsory counterclaim under state law in the action to collect the debt."). *See also Foster v. D.B.S. Collection Agency*, 463 F.Supp.2d 783 (S.D. Ohio 2006) ("Plaintiffs, in this case, are not challenging the amounts they

owed to their creditors, which would implicate claim preclusion, but rather challenge the capacity of Defendants to bring debt collection lawsuits against them and the practices Defendants employed when they attempted to collect those debts.").

Even where counterclaims are compulsory, courts generally recognize that state court debt collection actions and federal FDCPA actions challenging pre-judgment collection conduct do not Aarise out of the same transaction or occurrence and are not the same Acause of action, thus are not mutually compulsory. *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1126 (8th Cir. 1981); *Leatherwood v. Universal Business Service Co.*, 115 F.R.D. 48, 49 (W.D.N.Y. 1987) ("Powers's claim against the plaintiff to collect the debt does not possess the characteristics associated with a compulsory counterclaim."); *Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671, 675 (Minn. App. 1984) (" [I]t would be contrary to the purpose of the [FDCPA] to penalize them for their failure to raise permissive counterclaims."); *Hart v. Clayton-Parker & Assoc.*, 869 F. Supp. 774 (D. Ariz. 1994) ("[E]very published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims."). *See also Blakemore v. Pekay*, 895 F. Supp. 972, 983-984 (N.D. Ill. 1995).

FDCPA and CCPA claims do not arise out of the transaction creating the debt and are not precluded. The claims were not raised or litigated in the small claims court. This aspect of defendants' motion for judgment on the pleadings is meritless. The Court should enter Judgment in favor of plaintiff on the Eighth Defense.[1]

---

[1] The Court can enter summary judgment for the nonmoving party as to the issues raised by the moving party. *Travelers Cas. & Sur. Co. v. Gerling Global Reinsurance Corp. of Am.*, 419 F.3d 181, 190-191 (2d Cir. 2005). *See also New England Health Care Employees Union v. Mt. Sinai Hosp.*, 65 F.3d 1024, 1029 (2d Cir. 1995) (summary judgment may enter for nonmoving party); *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991) (same).

`

"Kitchen sink" attack on complaint based on defenses

Defendants attack plaintiff's complaint based on their defenses and denials, but still do not satisfy the standards for judgment on the pleadings: Does the complaint state a plausible cause of action? Some attacks are based on factual disputes, some are not legally viable. None are ripe for decision on a dispositive motion of any kind.

1. Moises is a debt collector because she is employed by a debt collector

Defendants next turn to their Ninth Defense, that Moises is not a debt collector. Moises is an employee of a debt collector for the purposes of the FDCPA, because Equity is a debt buyer, and a debt buyer is a debt collector under the FDCPA. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 797 (7th Cir. 2009) (the statute excludes from its definition of "creditor" those who acquire and seek to collect a "debt in default").

The FDCPA's exclusion for an employee of a creditor does not apply since Equities is a debt collector for the purpose of the FDCPA. *Musso v. Seiders*, 194 F.R.D. 43 (D. Conn. 1999) (a senior employee, executive, or director of a collection agency may fall within the definition of "debt collector;" allegations that such an individual knew of and approved or ratified the unlawful activities stated a claim under the FDCPA against the defendant in his individual capacity).

2. Factual issues on §1692g claim

Defendants claim to have mailed a letter to plaintiff in April 23, 2012. Doc. No. 19 at 19. We await discovery to flesh out whether that letter exists, and if it does, whether it complied with the notice provisions of the FDCPA. Judgment on the pleadings is woefully inappropriate on this factual issue, discussed at Def. Mem. 14.

3. Factual issues on 1692d claim

Plaintiff agrees that merely filing a lawsuit is not "conduct the natural consequence of which is to harass, oppress, or abuse any person" within §1692d. However, the conduct of the lawsuit may still violate that section of the FDCPA. *E.g.*, *McCollough v. Johnson, Rodenberg & Lauinger*, 610 F. Supp. 2d 1247 (D. Mont. 2009), *aff'd*, *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir.2011). Defendant has not met its burden to show that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon*, 467 U.S. at 73.

4. §1692e claims

Defendants admit they are engaging in sheer guesswork in their discussion of what plaintiff might be claiming here. Def. Mem 15-20. Guesswork about plaintiff's claims is not a basis for judgment on the pleadings.

5. §1692f(1)

Since the small claims court ruled that defendants were NOT entitled to attorney's fees or the interest they claimed, one wonders why defendants do not recognize the small claims ruling is "res judicata" against them, and seek judgment on the pleadings in favor of plaintiff.

6. CUTPA

Defendants switch to a request to "dismiss" the CUTPA claims. Plaintiff's notice pleading allegations that defendants are intentionally abusing an overburdened court system with their invalid collection tactics suffice to state a cause of action under CUTPA. Indeed, the small claims court rejected some of their positions. Discovery will show ascertainable loss (e.g. wages attached before notice of suit).

` 6

A collection practice that is undertaken to maximize the defendant's profit at the expense of the plaintiff's rights is immoral, unethical, oppressive or unscrupulous within CUTPA. *Votto v. American Car Rental, Inc.,* 273 Conn. 478, 484-85, 871 A.2d 981, 985 (2005). Action taken or omitted in order to augment profit, as here, represents an enhanced degree of punishable culpability. Exxon Shipping Co. v. Baker, 554 U.S. 471, 494, 128 S. Ct. 2605, 2622 (2008).

The FDCPA permits recovery under other statutes. § 1692n.

### 7. Failure to dispute the debt

Plaintiff can dispute the debt at any time. Defendants argue that since she did not dispute in the 30 day time frame of §1692g, she cannot assert FDCPA claims. Failure to dispute within the initial 30 day period provided in §1692g does not give a collector a free pass to engage in violations of other sections of the statute. It "merely allows the debt collector to proceed under what Judge O'Neill aptly describes as a 'temporary fiction' that the debt stated in the validation notice is true." *Nelson v. Select Financial Services, Inc.,* 430 F. Supp. 2d 455, 457 (E.D. Pa. 2006). Not surprisingly, the defendants' position is not supported by any appellate case law, and district court rulings unanimously reject their argument.

The reason for this is simple: To accept defendants' argument would "encourage debt collectors to arbitrarily send a written notice to any person falsely claiming that person owed a debt." *Gigli v. Palisades Collection, L.L.C.*, 2008 WL 3853295, at *5-7 (M.D. Pa. Aug. 14, 2008). So long as the consumer makes no dispute within thirty days, "the debt collector may then institute a debt collection action repeating the same false representations without fear of FDCPA liability." *Id.* But

immunizing unscrupulous debt collectors, while depriving consumers of a remedy, is hardly consistent with the FDCPA.

A consumer may make an oral dispute of a debt at any time. *Grant-Fletcher v. Brachfeld Law Group, PC.*, 2012 WL 2523094 *3 (D. Md. June 28, 2012) ("Plaintiff's right to dispute her debt does not expire.").

## CONCLUSION

Defendants have not met the burden to establish that plaintiff 's complaint has no possibility of success. Their premature motion for judgment on the pleadings, where so many issues of law and fact remain to be fleshed out by discovery, should be denied under well-established Rule 12(c) principles.


THE PLAINTIFF

*Joanne S. Faulkner*

By:_____/s/ Joanne S. Faulkner_____
Joanne S. Faulkner ct 04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395


Certificate of Service

I hereby certify that on July 29, 2013, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ Joanne S. Faulkner___