UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIZ FERRARI

v.                                                          CASE NO.  3:13CV  395 (RNC) (DFM)

U.S. EQUITIES CORP.
LINDA STRUMPF                                    July 29, 2013
OLGA MOISES


PLAINTIFF'S OPPOSITION TO PROTECTIVE ORDER

Defendants' Motion for Protective Order (Doc. No. 21) should be denied because it does not show good cause for staying, or delaying, the normal course of discovery. Pursuant to Doc. No. 2 paragraph d, once the parties had conferred about the planning report plaintiff served nine interrogatories, seven production requests, and twenty-one requests for admissions (largely tracking the complaint), dated June 29, 2013.

Defendants want discovery stayed because they have filed a motion for judgment on the pleadings. Their Rule 12(c) motion, however, cannot succeed (as set forth in doc. No. 24) because it is not based on the adequacy of the complaint, but is instead improperly based on their affirmative defenses (and on inadmissible documents they refuse to authenticate). Courts take only the complaint into account on a motion for judgment on the pleadings: "Taking well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. (citations omitted)." *A Slice of Pie Productions, LLC v. Wayans Bros. Ent.,* 2006 WL 2130734 *2 (D. Conn. 2006).

"Discovery is not normally stayed during the pendency of a motion to dismiss, absent a showing of good cause." *Briscoe v. City of New Haven,* 2009 WL 5184357 *3 (D. Conn. 2009);

*Twin City Fire Insurance Company v. Employers Insurance of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery."); *Centifanti v. Nix*, 661 F. Supp. 993, 994-95 (E.D. Pa. 1987); *United States v. Board of Educ. of City of Chicago,* 636 F. Supp. 1046, 1047 (N.D. Ill. 1986) (**denying motion to suspend discovery because motions to dismiss are usually denied**); *Struthers Scientific & Int. Corp. v. General Foods Corp.*, 290 F. Supp 122, 125 (S.D. Tex. 1968) ("the court is anxious to avoid delay"); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C. 1988) (courts do not favor motions to stay discovery because it would essentially delay or prolong discovery, thereby causing management problems which would impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems).

<u>Factors favor denial of motion.</u> "A party seeking a protective order under Federal Rule of Civil Procedure 26(c) must demonstrate good cause. In determining whether good cause exists for a stay of discovery, three factors are considered: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007).

The motion for judgment on the pleadings cannot succeed because it is based on the defenses, not on the plausible allegations of the complaint. The discovery is simple, direct, and unobjectionable. Plaintiff is prejudiced by the delay; discovery moves the case along, and provides the basis for early settlement or dispositive motions.

"[S]tays of the normal proceedings of a court matter should be the exception rather than the rule." *Meadows at Buena Vista, Inc. v. Town of Buena Vista,* 2011 WL 403344 *1 (D. Colo. 2011).

## CONCLUSION

The motion should be denied. A stay of discovery is contrary to the federal ideals of just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1.

THE PLAINTIFF

*Joanne S. Faulkner*

By:_____/s/ Joanne S. Faulkner_____
Joanne S. Faulkner ct 04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

## Certificate of Service

I hereby certify that on July 29, 2013, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ Joanne S. Faulkner__