UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIZ FERRARI,

          Plaintiff,

v.                                                                                       Civil Action No. 3:13-cv-395 (RNC) (DFM)

U.S. EQUITIES CORP.,
LINDA STRUMPF, and
OLGA MOISES

          Defendants.                                          August 12, 2013

# REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## I.   INTRODUCTION

On July 9, 2013, the defendants, U.S. Equities Corp. ("Equities")[1], Linda Strumpf ("Strumpf"), and Olga Moises ("Moises") (collectively, "Defendants"), filed a motion for judgment on the pleadings as to all claims asserted against them in the complaint of the plaintiff, Liz Ferrari ("Plaintiff"). Defendants argue that Plaintiff's claims in this case are precluded by a final judgment entered in a now concluded state court action involving the parties to this lawsuit. Defendants also argue that Plaintiff's complaint fails to state any claim for relief against them. On July 29, 2013, Plaintiff filed an opposition to Defendant's motion. Defendants hereby file this reply to Plaintiff's opposition.

## II.   ARGUMENT

### A.   *Res Judicata* And Collateral Estoppel Preclude Plaintiff's Claims In This Case.

Defendants base their res judicata and collateral estoppel defenses on a final judgment rendered in a now concluded state court action involving the parties to this lawsuit. Plaintiff asserts

---

[1] Capitalized terms not defined in this reply have the meanings ascribed to them in Defendants' memorandum of law in support of their motion for judgment on the pleadings.

in her opposition papers that those doctrines do not preclude her claims in this case. Pl. Opp. pp.3-4.[2] Plaintiff advances several arguments in support of that proposition. First, Plaintiff argues that she did not file an answer or counterclaim in the state court action, and did not raise or litigate her FDCPA or CCPA claims in that case. *Id.* Plaintiff's argument ignores the full scope of the preclusion doctrines. It is true that res judicata and collateral estoppel preclude a party from relitigating claims and issues resolved in a prior proceeding. But those doctrines **also** preclude a party from raising issues and litigating claims that ***could have been asserted*** in a prior proceeding. *See Chien v. Skystar Bio Pharmaceutical Co.*, 623 F. Supp. 2d 255, 260 (D. Conn. 2009) (*res judicata* "bars not only those claims or legal theories that were asserted in the prior action, but also those legal claims or theories that could have been asserted, regardless whether they were in fact raised by the parties, so long as they arise from the same transaction that formed the basis of the prior action."). Indeed, the doctrines "prevent[] the subsequent litigation of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Chien*, 623 F. Supp. 2d at 260 (citation omitted).

Here, state law provided Plaintiff with ***the means*** to assert her alleged FDCPA, CCPA, and/or CUTPA claims in the state court action.[3] *See* Conn. P.B. § 24-21. Plaintiff could have filed a counterclaim ***prior to the answer date*** in small claims court ***or*** upon the ***granting*** of the motion to open judgment. *See id.* § 24-21(a)(1). As noted in Defendants' opening memorandum of law, Plaintiff successfully moved to open the small claims default judgment. Rather than proceeding with a counterclaim at that time, however, Plaintiff sat on her rights and let the small claims action

---

[2] Plaintiff attacks the state court record on which Defendants' motion is based in her opposition papers on authentication grounds. Pl. Opp. p. 2. Defendants have addressed this untenable argument in their reply papers regarding judicial notice. Doc. Entry No. 23.

[3] It is worth emphasizing that Plaintiff had retained counsel and commenced this action while the state court action was pending. Plaintiff was not proceeding alone at that point, and thus does not deserve the usual latitude given pro se parties.

proceed to a judgment *on the merits*.[4] By doing so, Plaintiff forfeited her right to assert her claims in a separate action.[5]

Plaintiff also asserts that her claims in this case arise out of an entirely different transaction from the one at issue in the state court action, and thus were not compulsory counterclaims in that lawsuit. Pl. Opp. pp.3-4. Plaintiff is wrong. The facts that form the basis of Plaintiff's claims *were directly at issue* in the state court action. Indeed, Plaintiff's claims *in this case* are based *entirely* on conduct allegedly taken by Defendants *in the prior state court action against Plaintiff*. Plaintiff alleges that Defendants: (1) falsely claimed personal knowledge of Plaintiff's Chase debt in an affidavit they filed *in the state court lawsuit*, and could not authenticate documents attached to that affidavit; (2) sought to recover pre- and post-judgment interest and attorney's fees *in the state court lawsuit* without providing a factual basis for doing so; and (3) issued a small claims writ *in the state court lawsuit* stating that Moises had mailed a letter to Plaintiff outside the required timeframe for communicating with Plaintiff (i.e. within six months of the filing *of the state court lawsuit*). Plaintiff was aware of the existence of her claims before the state court held a trial hearing on April 10, 2013, *as Plaintiff had retained counsel and filed this lawsuit prior to that date*. Accordingly, Plaintiff could have and should have asserted her FDCPA, CCPA, and CUTPA claims in the state court action at or prior to trial. Plaintiff's claims in this case are, therefore, barred by the doctrines of *res judicata* and collateral estoppel, and must be dismissed.

---

[4] The magistrate's memorandum of decision clearly establishes that there was a trial on the merits, after both parties submitted evidence.

[5] Two other issues warrant brief discussion. First, the small claims jurisdictional limit of $5,000 would not have prevented Plaintiff from asserting her counterclaims in state court. To the contrary, state law provided Plaintiff with a mechanism to transfer the small claims case to the regular docket of the Superior Court, if necessary. *See* Conn. P.B. § 24-21(b)(2). Second, Plaintiff claims that Moises and Strumpf were not parties to the small claims action. However, even if Plaintiff was determined to add Moises and Strumpf as parties, she could have done so in the state court by moving to cite Moises and Strumpf into the case, once transfer to the regular docket had taken place. *See* Conn. Gen. Stat. § 52-102. *Accord* Conn. P.B. § 9-6. Accordingly, there were no barriers to Plaintiff seeking full relief via the state court system.

Finally, the cases Plaintiff cites on pp.4-5 of her opposition papers do not dictate a contrary result. *None* of those cases involved a situation where a consumer failed to assert a counterclaim that arose *exclusively* out of conduct taken by a party in a pending collection lawsuit. For example, see *Azar v. Hayter*, 874 F. Supp. 1314 (N.D. Fla. 1995) (FDCPA claim based on failure to send validation notice). Other cases cited or relied upon by Plaintiff on pages 4-5 of her papers are of similar ilk in that the malfeasance at issue relates, at least in part, to extra-judicial conduct by debt collectors.[6] Thus, the cases cited by Plaintiff on pages 4-5 of her opposition papers are readily distinguishable and have no bearing on this case, which involves conduct that occurred solely in the context of a state court lawsuit.

Plaintiff had every opportunity to assert her claims in the prior state court action involving the parties to this lawsuit, but she failed to do so. The state court has since issued a judgment, determining that Defendants' conduct and the documents submitted in the state court action supported an award in Equities' favor. Plaintiff did not move to open that judgment, and the judgment has become final. It would be inconsistent for this Court to now rule that the *very conduct* and *documents* that supported the state court judgment somehow violated other applicable law. The Court should, therefore, dismiss Plaintiff's claims on preclusion grounds.

### B.  Plaintiff Fails To Allege Sufficient Facts To Establish That Moises Is A Debt Collector.

Plaintiff has failed to allege any facts that would support a finding that Moises is a "debt collector" under the FDCPA. Plaintiff does not even allege that Moises *herself* attempts to collect

---

[6] For additional examples, see *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783 (S.D. Ohio 2006) (FDCPA claim based in part on misrepresentations regarding the effect of a repayment plan); *Peterson v. United Accounts, Inc.*, 638 F.2d 1134 (8th Cir. 1981) (FDCPA claim based in part on failure to send initial dunning later); *Venes v. Prof'l Serv. Bureau, Inc.*, 353 N.W.2d 671 (Minn. App. 1984) (FDCPA claim based in part on abusive collection calls); *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987) (FDCPA claim brought first, and *collector* attempted to counterclaim to recover the debt); *Hart v. Clayton-Parker & Assoc.*, 869 F. Supp. 774 (D. Ariz. 1994) (same); *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995) (collector asserted a waiver defense, not a preclusion or compulsory counterclaim defense).

debts. Plaintiff does not address this glaring pleading deficiency in her opposition. Instead, she argues that Moises does not fit within the FDCPA provision excluding employees of creditors from the definition of a "debt collector" because Moises is an employee of a debt buyer, not a creditor. Pl. Opp. p.5. Even assuming, *arguendo*, that Plaintiff is correct, that fact is only relevant if Plaintiff has pleaded sufficient facts to establish that Moises is a debt collector in the first instance. Plaintiff has failed to do so here. As a result, the Court should dismiss Plaintiff's claims against Moises on that basis alone.

### C.   Plaintiff Fails To Allege Sufficient Facts To State A Claim For Relief under 15 U.S.C. § 1692g.

In her complaint, Plaintiff fails to identify any conduct that might fall within the purview of the protections afforded by section 1692g of the FDCPA. Plaintiff clarifies in her opposition that her claim is based on a letter allegedly mailed by Defendants to Plaintiff on April 23, 2012. Pl. Opp. p.5. Plaintiff argues that discovery is needed to flesh out whether that letter exists and whether it complied with the notice provisions in section 1692g of the FDCPA. *Id.* Plaintiff's argument is nothing more than an attempt to muddy the waters. Section 1692g solely applies to the written notice a collector is required to send within five days after its *initial* communication with the consumer. 15 U.S.C. § 1692g. The provision does not apply to *subsequent* written communications. In this case, Plaintiff fails to plead any facts that would establish that the section 1692g notice requirements were triggered with respect to Defendants' April 23, 2012, letter (e.g., that it was Equities' initial written communication with Plaintiff). Accordingly, Plaintiff's claim under section 1692g of the FDCPA must fail.

### D.   Plaintiff Fails To Allege Sufficient Facts To State A Claim For Relief Under 15 U.S.C. § 1692d.

Plaintiff fails to specify in her complaint the manner in which Defendants violated section 1692d of the FDCPA. Defendants assumed in their opening memorandum that the claim is based

on the filing of the state court collection action as Plaintiff's factual allegations relate exclusively to conduct taken in that lawsuit. Defendants argue, and Plaintiff agrees, that the filing of a collection lawsuit cannot alone form the basis of a section 1692d claim. Pl. Opp. p.6. Plaintiff argues in her opposition, however, that the conduct of the lawsuit *may* still violate section 1692d of the FDCPA. *Id.* It is Plaintiff's obligation to specify the conduct she believes resulted in the violation. The Court is not required to assume that Plaintiff can prove facts that were not alleged or that Defendants have violated laws in ways that have not been alleged. *See Assoc. Gen. Contractors of Cal., Inc. v. Cal State Council of Carpenters*, 459 U.S. 519, 526 (1983). Plaintiff has failed to meet her pleading burden with respect to her claim under section 1692d of the FDCPA.

### E.    Plaintiff Fails To Allege Sufficient Facts To State A Claim For Relief Under 15 U.S.C. § 1692e.

Plaintiff also fails to specify in her complaint how Defendants violated section 1692e of the FDCPA. Defendants establish in their opening memorandum, however, that *none* of Plaintiff's factual allegations support a claim for relief under that provision. Plaintiff's argument in opposition is that Defendants are engaging in "guesswork," and guesswork about claims is not a basis for judgment on the pleadings. Pl. Opp. p.6. In reality, Plaintiff has failed to plead with the requisite degree of specificity, even under notice pleading requirements. Because Plaintiff fails to plead any facts that would support a claim for relief under section 1692e of the FDCPA, the Court should dismiss that claim.

### F.    Plaintiff Fails To Allege Sufficient Facts To State A Claim For Relief Under 15 U.S.C. § 1692f(1).

Defendants argue in their opening memorandum that Equities, as valid assignee of the original creditor, Chase, had the right to seek its attorneys' fees and interest on the debt from Plaintiff. Accordingly, Equities did not violate section 1692f(1) of the FDCPA. In her opposition, Plaintiff argues that the state court's decision *not* to award attorneys' fees and interest to Equities

establishes that Defendants were *not* entitled to those amounts in the first place. Pl. Opp. p.6. Plaintiff's argument misses the mark. Section 1692f(1) of the FDCPA prohibits the collection of any amount, including fees and interest, unless it is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1). In this case, the Chase Cardmember Agreement authorized Equities, as successor-in-interest to Chase, to seek reimbursement for its attorneys' fees in the state court action. Equities was also permitted under applicable state law to seek interest from Plaintiff on the defaulted debt. *See* Conn. Gen. Stat. § 37-3a. The state court merely exercised its *discretion* not to award Equities its fees and costs. The state court did not determine that Equities was not *authorized or permitted to seek to collect* those amounts, as reflected in its written decision. The Court should dismiss Plaintiff's claim under section 1692f(1) of the FDCPA.

### G. Plaintiff Fails To Allege Sufficient Facts To State A Claim For Relief Under The CUTPA.

Defendants argue in their opening memorandum that Plaintiff fails to plead any facts that would support a finding that Defendants alleged conduct rises to the level of egregiousness required to show a CUTPA violation. In her opposition, Plaintiff argues that she states a CUTPA cause of action by alleging that "defendants are intentionally abusing an overburdened court system with their invalid collection tactics." Pl. Opp. p.6. (Refer to complaint, ¶ 20.)

As a threshold matter, the evidence Equities submitted in the state court action against Plaintiff was entirely adequate and admissible. Had Plaintiff wanted to challenge such evidence, she had a forum to do so, in state court, by way of special defense, or counterclaim. (Refer to pages 2-3 *supra*.) The state court necessarily found the evidence appropriate and admissible when it rendered judgment in favor of Equities. But even assuming, *arguendo*, that Equities' evidence *was* inadequate or inadmissible in some technical sense under applicable Connecticut state statutes or

the Connecticut Code of Evidence, such inadequacy would not give rise to a CUTPA violation.[7]

*See, e.g., Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311, 336 (D. Conn. 2012) (citations omitted) ("Connecticut courts have repeatedly acknowledged that a technical violation of a statute does not necessarily offend public policy and thereby give rise to a CUTPA violation.").[8]

Another fatal defect with the complaint is that Plaintiff fails to plead any ascertainable loss of money or property as a result of Defendants' alleged conduct. Loss of money or property is a threshold requirement to state a CUTPA claim. *See Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 615 (Conn. 1981). Plaintiff admits in her opposition papers that she does not plead such loss because she intends to rely upon discovery to obtain the information. Pl. Opp. p.6. Plaintiff should already be aware of her injuries and be prepared to plead and prove them. Because Plaintiff fails to plead any ascertainable loss, the Court should dismiss her CUTPA claim.

### H. Plaintiff's Failure To Dispute The Debt Prior To This Lawsuit Provides An Additional Basis For Dismissal Of Her Claims.

Defendants cite legal authority in their opening memorandum of law holding that Plaintiff's claims in this case are barred by Plaintiff's failure to timely dispute her debt using the dispute

---

[7] It is also worth noting that courts in this District have determined that CUTPA claims similar to Plaintiff's are barred by the common-law litigation privilege. *See, e.g., Dina v. Cuda & Assoc.*, --- F. Supp. 2d ----, 2013 WL 2995439, at *9 (D. Conn. June 13, 2013). That line of authority provides an additional basis for dismissal of Plaintiff's CUTPA claim.

[8] Citing *Normand Josef Enterprises v. Connecticut Nat'l Bank*, 230 Conn. 486, 524–25, 646 A.2d 1289 (Conn. 1994) (holding that a "technical violation" of a midnight deadline which governs handling of customer bank accounts under Conn. Gen. Stat. § 52–367a was "no more than a technical violation" of the statute which "did not offend public policy, implicate the concept of unfairness or cause the type of substantial injury that CUTPA was designed to address."); *Jacobs v. Healey Ford–Subaru, Inc.*, 231 Conn. 707, 729, 652 A.2d 496 (Conn. 1995) (holding violations of certain provisions of the Retail Installment Sales Financing Act and the Uniform Commercial Code did not violate CUTPA where trial referee concluded that the defendant's statutory noncompliance was not unfair, deceptive or oppressive); *Leaksealers, Inc. v. Connecticut Nat. Bank*, 1995 WL 384611, at *10 (Conn. Super. Ct. June 20, 1995) (noting that "a violation of a statute does not necessarily give rise to a violation of public policy and, in turn, a violation of CUTPA" and that "a "[v]iolation of an identifiable public policy alone may be insufficient under certain circumstances to support a CUTPA violation.")

procedure set forth in the FDCPA. Plaintiff argues in her opposition that "Plaintiff can dispute the debt at any time." Pl. Opp. p.7. Plaintiff is wrong. Plaintiff's failure to timely dispute her debt using the FDCPA's dispute mechanism is fatal to a *claim* asserting violations based on the validity of the debt. Here, Plaintiff's claims can be viewed as a thinly-veiled dispute of the debt that Equities sought to collect in the state court lawsuit. Plaintiff did not timely dispute that debt using the FDCPA's dispute mechanism. As a result, her claims must be dismissed.

## III. CONCLUSION

For the reasons discussed above and in Defendants' opening memorandum, Defendants request that the Court grant their motion for judgment on the pleadings and dismiss all claims against them in Plaintiff's complaint, with prejudice and without leave to amend.

        THE DEFENDANTS,
        U.S. EQUITIES CORP.,
        LINDA STRUMPF, and
        OLGA MOISES

        _____/S/_____
        Erich H. Gaston
        Federal Bar No.: ct19590
        25 State Street
        Waterbury, CT 06702
        203-754-5299 P
        203-757-2778 F
        egaston@jporziolaw.com

## **CERTIFICATION**

This is to certify that on August 12, 2013, a copy of the foregoing was served on all counsel of record with appearances on file, by electronic means:

Joanne Faulkner, Attorney at Law
123 Avon Street
New Haven, CT 06511

_____/S/_____
Erich H. Gaston
