UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIZ FERRARI,                          :
                                      :
        Plaintiff,                    :
                                      :
        v.                            :      CASE NO. 3:13CV395(RNC)
                                      :
U.S. EQUITIES CORP. et al.,           :
                                      :
        Defendants.                   :


RULING AND ORDER

        Plaintiff Liz Ferrari brings this action under the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et

seq. and the Connecticut Creditors' Collection Practices Act,

Conn. Gen. Stat. § 36a-645 et seq. ("CCPA") and the Connecticut

Unfair Trade Practices Act ("CUTPA") alleging improprieties in

connection with a small claims action that defendants initiated

in the state court.  (Doc. #1.)  Plaintiff's Motion to Compel

responses to her second set of discovery requests (doc. #35) is

DENIED WITHOUT PREJUDICE, and the court orders as follows.[1]

        1. Defendants withdrew their objections to Interrogatory

#12 and Document Request #8 at oral argument.  They shall serve

their responses to those requests by the D. Conn. L. Civ. R.

37(d) deadline.

_____

        [1]District Judge Robert N. Chatigny referred the case to the
undersigned for all pretrial matters.  (Doc. #9.)

2. No later than 14 days after a decision on the pending Motion for Judgment on the Pleadings (doc. #18), counsel shall meet and confer to design a cooperative solution to their dispute over the remaining requests.  The compromise should provide plaintiff with a clear picture of the frequency with which defendants' conduct in the underlying state litigation was repeated in other state lawsuits without placing a research burden on defendants' small business that is disproportionate to the size and needs of the case.[2]

SO ORDERED at Hartford, Connecticut this 28th day of January, 2014.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[2]The court does not anticipate further motions practice on this issue.  If, in any future instance, defendants intend to argue that discovery requests are unduly burdensome, they must submit affidavits or other evidence revealing the nature of the burden.  See, e.g., Coale v. Metro North R. Co., No. 3:09CV2065(CSH), 2011 WL 1870237, at *3 (D. Conn. May 16, 2011); Schiavone v. Northeast Utilities Service Co., No. 3:08CV429(AWT)(DFM), 2010 WL 382537, at *1 (D. Conn. Jan. 27, 2010).