## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LIZ FERRARI,
      Plaintiff,

    v.

U.S. EQUITIES CORP.,
LINDA STRUMPF, and
OLGA MOISES,
      Defendants.

No. 3:13-cv-00395 (JAM)

### ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

Plaintiff Liz Ferrari brings this action against defendants U.S. Equities Corp. and its agents Linda Strumpf and Olga Moises for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Connecticut Creditor's Collection Practices Act ("CCPA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiff complains that defendants engaged in unlawful debt collection relating to a Connecticut small claims court proceeding. Defendants have moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings, both on grounds of *res judicata* and collateral estoppel as well as on grounds that the complaint fails to state a claim for relief. Because I conclude that the complaint fails to set forth a short and plain statement for relief as required under Fed. R. Civ. 8, I grant defendants' motion in part and dismiss the complaint without prejudice to plaintiff's filing an amended complaint that appropriately sets forth facts to plausibly entitle the plaintiff to relief against each defendant for each of plaintiff's statutory claims.

### Background

The Court's review of this case is complicated by the filing of a stream-of-conscious-style complaint that falls well below an acceptable standard of clarity. As best as I can tell,

1

however, the complaint is inextricably intertwined with prior litigation between the parties in Connecticut small claims court.

Plaintiff principally alleges that she was subject to a small claims action by defendants that she did not learn about until her wages were attached after a default judgment had entered in July 2012. Compl., Doc. #1 at ¶¶ 8–9. Almost all of the complaint is devoted to attacking the quality of the defendants' proof in the small claims court case. First, plaintiff states that defendants obtained a small claims court judgment by filing an affidavit that falsely claimed "personal" knowledge of a certain "Chase" account, which was assigned to one "Turtle Creek Assets," before being assigned to defendant U.S. Equities Corp ("Equities"). *Id.* ¶ 10. Plaintiff alleges that the affidavit's "affiant"—possibly defendant Moises—did not actually have "personal" knowledge of the affairs of Chase or Turtle Creek. *Id.* ¶ 10–11.[1] "In fact," declaims plaintiff, "Equity [sic] had purchased from Turtle Creek only a spreadsheet with data purporting to include information about this plaintiff." *Id.* ¶ 12.

Plaintiff further complains that in the small claims court case defendants "also appended periodic statements" of some sort that had been sent to an address where plaintiff had never lived. *Id.* ¶ 13. She says that defendants claimed that plaintiff's Chase account was opened in 2006, a date she deems suspiciously inconsistent with defendants' reference at other points in the litigation to "generic Chase agreements" from 2007 and 2008 (the significance of which she does not otherwise describe). *Id.* ¶¶ 16–17. Plaintiff contends that "[d]efendants did not and could not show that either generic agreement was the one governing the account in question" and, in any event, that "[n]either generic agreement allowed for an assignee to seek attorney's fees." *Id.* ¶¶ 18–19.

---

[1] By divination one might suppose that "the affiant" designated in Paragraph 11 of the complaint is defendant Moises (whose job responsibilities are described in Paragraph 5 to include "regularly" submitting affidavits for defendant Equities), but the complaint does not say so.

On the basis of all this, the complaint concludes that "[d]espite knowledge that their documentation of accounts purchased from Turtle Creek was insufficient to support judgment, defendants intentionally continue to abuse an overburdened court system by seeking judgment in the hopes that the utterly inadequate and inadmissible evidence would not be scrutinized." *Id.* ¶ 20. Plaintiff further protests that "[d]espite knowledge that Equities was not allowed to seek attorney's fees based on the assignment, in every case Ms. Strumpf applies for attorney's fees." *Id.* ¶ 21.[2]

Paragraph 7 of the complaint is most baffling of all. It is situated immediately *before* the allegations that I have described above about the small claims court filing in 2012 and succeeding events. *See id.* ¶¶ 8–21. But rather than relating events leading up to the 2012 small claims court case (as one might expect that a complaint should set forth facts in a chronologically coherent manner), Paragraph 7 alleges that in May 2013—during the year *after* the events described for the small claims court case—"defendants issued a small claims writ which included the statement that Ms. Moises had mailed a letter to plaintiff at the address therein on April 23, 2010." The complaint does not volunteer anything about what this "letter" said. Nevertheless, plaintiff deems the very timing of this undescribed "letter" to be at odds with the fact that the "[t]he small claims form required communication within six months before suit." *Id.* ¶ 7. More generally, Paragraph 7 fails to specify even what the "small claims writ" is and what relation—if any—it has to the 2012 small claims action that consumes the rest of the complaint.

In the concluding paragraph of the complaint, plaintiff claims that "[i]n the collection efforts, defendants violated the FDCPA, § 1692d, -e, -f(1), or –g." *Id.* ¶ 22. She has no more to

---

[2] It is yet another of the complaint's locutional curiosities that instead of simply alleging that defendant Strumpf actually and wrongfully applied for attorney's fees in plaintiff's case in 2012, plaintiff leaves the Court to guess about any inference to be drawn by describing only what defendant Strumpf's *present* day practice is: that "in every case Ms. Strumpf applies for attorney's fees." *Id.* ¶ 21.

say about the basis for any federal law violations. Next, she claims with no specification of statutory citations that defendants "violated the parallel provisions of the CCPA." *Id.* And she makes no claim at all that defendants' conduct violated CUTPA, except in passing by requesting as a form of relief that the Court award "actual and punitive damages under CUTPA." *Id.* at 3.

## Discussion

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). As the Second Circuit has explained, "a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). Still, Rule 8 "does not countenance pleadings that are conclusory; it requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

I cannot say that the convoluted complaint here meets a fair notice standard. Although at just two-and-a-half pages it certainly satisfies Rule 8's requirement that it be "short," it comes nowhere near the requirements for allegations that are "simple" and "direct" and that contain a "plain statement of the claim showing that [plaintiff] is entitled to relief." To the contrary, the complaint is a jumble of factual allegations that are far from clear how they relate—if at all—to one another. Nor does the complaint describe in any reasonable detail the individual conduct and responsibility of defendants Strumpf and Moises, or make clear why each of them could plausibly be subject to liability for each and every one of the seriatim violations listed at the end

4

of the complaint.

The complaint's lack of clarity makes it impossible for me at this time to resolve defendants' major contention for judgment on the pleadings: that all or some of the conduct about which she complains could and should have been raised during the state court claims process. Indeed, it appears from Paragraph 20 of the complaint that plaintiff chiefly seeks re-litigation of the small claims court judgment, because she assails defendants' submission of evidence that was allegedly "insufficient to support judgment" and that was otherwise allegedly "inadequate and inadmissible." Congress has yet to vest the federal courts with roving appellate authority over the actions of state small claims courts. I cannot imagine that my proper role is to decide—as plaintiff seems to invite me to do—if the evidence before a small claims court was sufficient, adequate, or admissible.

Plaintiff seeks recovery under multiple, complex statutory provisions under the FDCPA. Because plaintiff has done no more than lump all these provisions in a running list at the end of the complaint, I cannot ascertain if plaintiff's allegations plausibly meet the requirements for relief under any or all of them. And all this is to say nothing of plaintiff's failure even to cite or identify the "parallel provisions" of state law for which she seeks recovery, as well as to specify the conduct of each of the defendants that plausibly rises to the level of a CUTPA violation. *See, e.g.*, *Sorisio v. Lenox, Inc.,* 701 F. Supp. 950, 962 (D. Conn. 1988) ("A CUTPA claim must be pleaded with particularity to allow evaluation of the legal theory upon which the claim lies."), *aff'd*, 863 F.2d 195 (2d Cir. 1988).

With good reason, defendants have complained that the complaint leaves them guessing as to the basis for plaintiff's claims. It is no answer to say that the context for and allegations of the complaint might be clarified by extrinsic records that have not been referred to in the

complaint (and as to which plaintiff herself has opposed taking judicial notice, *see* Doc. #22), or that plaintiff has recently filed a motion for summary judgment (Doc. #53) in which she elaborates upon one aspect of her apparent claim and as to just one of the defendants. All of the defendants are entitled from the start to a plain statement of facts in a complaint that appropriately frames and bounds the legal claims against them.

As the Second Circuit has noted, the remedy of dismissal for a complaint that is inadequate under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The complaint here easily meets this standard. It will therefore be dismissed without prejudice to re-filing. The Court expects that an amended complaint would coherently set forth facts that would plausibly support each and every one of the claimed violations as to every named defendant.

### Conclusion

Defendant's motion for judgment on the pleadings (Doc. #18) is GRANTED in part, without prejudice to plaintiff re-filing an amended complaint. If plaintiff wishes to file an amended complaint, plaintiff should do so within 30 days, on or before November 14, 2014. In the event that plaintiff files an amended complaint, the parties should promptly contact chambers for a telephonic conference to set an expeditious schedule for further pleadings and motions.

In light of my ruling dismissing the complaint, defendants' motion for judicial notice (Doc. #20) and plaintiff's motion for summary judgment (Doc. #53) are DENIED as moot at this time.

It is so ordered.

Dated at Bridgeport this 14th day of October 2014.

/s/_____
Jeffrey Alker Meyer
United States District Judge