UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIZ FERRARI,
    Plaintiff,

    v.

U.S. EQUITIES CORP.,
LINDA STRUMPF, and
OLGA MOISES,
    Defendants.

No. 3:13-cv-00395 (JAM)

**ORDER GRANTING IN PART PLAINTIFF'S FEE APPLICATION**

Plaintiff Liz Ferrari brought this action against defendants U.S. Equities Corp. and its agents Linda Strumpf and Olga Moises for violations of the Fair Debt Collection Practices Act ("FDCPA") and Connecticut state law. The parties eventually settled this action for $3,000. Plaintiff's counsel now moves for an award of fees and costs in the sum of $36,284 in fees and $1,231.96 in costs—a total of more than 12 times the amount that she recovered for her client.

The FDCPA provides that a defendant who fails to comply with its provisions "is liable" to the plaintiff for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). As with any such fee-shifting statute, the Court must determine a presumptively reasonable fee, based on a reasonable hourly rate and the number of reasonably expended hours. *See, e.g.*, *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289–90 (2d Cir. 2011). To determine the reasonable number of hours and whether the requested compensable hours should be subject to reduction, the Court also considers "the degree of success obtained by the plaintiff," *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d

1

132, 152 (2d Cir. 2008) (internal quotations marks and citation omitted), as well as the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989); *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 415 (2d Cir. 2010) (affirming the same factors in a "statutory fee-shifting context[ ]").

Here, I have considered all of these factors, and I have also considered plaintiff's fee application from the perspective of what a reasonable "real-world" client who is liable to pay for legal services would be prepared to pay absent the statutory fee-shifting provision of the FDCPA. That is because "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). Although plaintiff's counsel contends that "[t]he conduct of opposing counsel controls the amount of resources a client must spend," (Doc. #72-1 at 1), this is only partially true. The conduct of plaintiff's own counsel also controls the amount of resources expended, and a court that is reviewing a fee application must be mindful to guard against the allowance of billings for services that a reasonable and informed real-world client would not have approved.

I conclude that much of counsel's fee claim should be discounted because of wasteful and inefficient litigation in the prosecution of this case. Plaintiff's counsel filed a largely unintelligible complaint (Doc. #1) that did not fairly apprise defendants of the basis for her claims. For good reason defendants moved for judgment on the pleadings, and I granted

dismissal by order and written ruling dated October 17, 2014. Doc. #59 (describing numerous deficiencies of plaintiff's complaint). Plaintiff's counsel unnecessarily expended the time of defense counsel to litigate the validity of a plainly deficient complaint.[1]

In light of these concerns, a substantial reduction in counsel's fee request is warranted to exclude billing entries for the initial preparation and filing of plaintiff's complaint as well as to exclude billing entries for the ensuing litigation relating to defendants' motion for judgment on the pleadings (and motion for judicial notice) that stemmed from plaintiff's incoherent complaint.  Accordingly, the following billing entries for 12.45 hours are disallowed:

| Date | Hours |
|---|---|
| 3/22/13 | 1.2 |
| 7/10/13 | 1.0 |
| 7/11/13 | 2.0 |
| 7/11/13 | 1.0 |
| 7/12/13 | 0.5 |
| 7/24/13 | 2.25 |
| 7/24/13 | 1.5 |
| 7/27/13 | 1.25 |
| 7/29/13 | 1.0 |
| 9/13/14 | 0.75 |
| Total - 12.45 hours | |

But even these exclusions understate the harm from plaintiff's counsel's decision to file an unintelligible complaint, because defendants' counsel were put in the position of expending funds to seek dismissal of the inadequate complaint. Accordingly, because these additional costs to defendants should properly factor in what is a reasonable fee for plaintiff's counsel to recover, I will disallow *twice* the hours claimed by plaintiff—24.9 hours—that relate to her counsel's filing of the initial complaint and the ensuing litigation resulting from the complaint's inadequacies.

---

[1] Counsel's billing records indicate that counsel spent about 45 minutes consulting her client and about 20 minutes reviewing documents before she drafted the initial complaint in just over one hour's time. After I dismissed this initial complaint, counsel invested 8 hours on October 16 and 17, 2014 to draft and file a proper amended complaint.

I will also discount the hours that plaintiff's counsel devoted to preparing and filing summary judgment motions. Despite the fact that the Court had not yet resolved defendants' motion for judgment on the pleadings challenging the adequacy of the complaint, plaintiff's counsel filed a premature motion for summary judgment on September 13, 2014 (Doc. #53). Although the Court gave plaintiff permission to file a summary judgment motion upon plaintiff's request at a teleconference on September 12, 2014 (Doc. #54), this grant of permission did not constitute a judgment that it was reasonable for plaintiff's counsel to prepare and file a motion for summary judgment at the same time that defendants' motion for judgment on the pleadings was pending. In any event, counsel's billing entries show that almost all of the time that counsel incurred to prepare the summary judgment motion was logged prior to the teleconference of September 12, 2014. In view of the possibility that defendants' motion challenging the pleadings would be granted, a reasonable, real-world client would not have consented to her counsel investing and expending monies on summary judgment filings that could become unnecessary or obsolete in light of the pending motion for judgment on the pleadings.

At the time of granting the order dismissing plaintiff's complaint, I dismissed plaintiff's premature summary judgment motion, allowed plaintiff 30 days to file an amended complaint, and instructed the parties that, upon the filing of any amended complaint, they should "promptly contact chambers for a telephone conference to set an expeditious schedule for further pleadings and motions." Doc. #59. In response, plaintiff's counsel promptly filed an amended complaint (Doc. #60) and then, despite the Court's order, immediately filed another premature motion for summary judgment (Doc. #61), all before defendants had an opportunity even to file an answer or further respond to the amended complaint. Because plaintiff's counsel elected not to follow

4

the Court's instruction, this required a further order of the Court dismissing the motion for summary judgment (Doc. #64), and no subsequent motion for summary judgment was filed.

Counsel's billing records show a large number of entries and 15.05 hours expended in connection with the preparation of the premature and unnecessary motions for summary judgment:

| Date | Hours |
|---|---|
| 5/1/14 | 1.5 |
| 5/1/14 | 1.0 |
| 5/2/14 | 1.2 |
| 5/2/14 | 1.3 |
| 5/2/14 | 1.5 |
| 5/3/14 | 1.3 |
| 5/5/14 | 0.3 |
| 5/5/14 | 1.4 |
| 5/9/14 | 0.5 |
| 5/10/14 | 1.0 |
| 9/13/14 | 0.75 |
| 9/13/14 | 2.0 |
| 10/15/14 | 1.0 |
| 10/17/14 | 0.3 |
| Total – 15.05 hours | |

Based on counsel's total claim of 90.71 compensable hours, the foregoing reductions of 39.95 hours (24.9 hours plus 15.05 hours) lead to a total of 50.76 compensable hours. I have considered defendants' further argument that more hours should be excluded that resulted from an allegedly overly aggressive approach to discovery by plaintiff. Although this is a somewhat close issue in my mind, I am not convinced that fees for discovery were unreasonable.

As to the billing rate, the Court will allow reimbursement counsel at a rate of $250 per hour. Counsel's requested rate of $400 per hour presupposes highly competent legal services. I did not see evidence of competence in this case. I do not believe that a real-world client would willingly pay more than $250 per hour for the quality of services performed by plaintiff's counsel in this case. No reasonable and informed hourly-bill-paying client, for example, would

have consented to counsel's drafting an obviously inadequate complaint that would engender a well-founded motion to dismiss (or for judgment on the pleadings). Nor would a reasonable client have consented to counsel's sinking nearly two days into preparing summary judgment papers before a decision had been made by the Court on defendants' motion for judgment on the pleadings. A reasonable attorney would have waited until pleading challenges were resolved and then sought extensions if necessary of the Court's scheduling orders to prepare and file for summary judgment.

I have considered all of the remaining arguments set forth by respective counsel in their papers. Accordingly, based on 50.76 compensable hours at a rate of $250 per hour, counsel is entitled to $12,690 in reasonable attorney's fees for this case and to $1,231.96 in costs. This amount is more than four times the amount that counsel obtained for her client, and it is a reasonable recovery for counsel in this case on the basis of all the circumstances presented.

It is so ordered.

Dated at New Haven this 22nd day of October 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge